UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINIT VINIT,<br><br>                    Petitioner,<br><br>          v.<br><br>FERETI SEMAIA, et al.,<br><br>                    Respondents. | Case No. 5:26-cv-03739-SSC<br><br>MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION |

On July 6, 2026, Petitioner Vinit Vinit filed this counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.[1] (ECF 1.) Petitioner is a citizen of India currently in immigration detention in Adelanto, California. (*Id.* at 5.)

Petitioner alleges that he entered the United States on or about September 25, 2024, after which he was briefly detained then released on his own recognizance by Customs and Border Protection.[2] (*Id.* at 2, 15.) Petitioner applied for asylum and his removal proceedings remain ongoing. (*Id.* at 15–16.) He was re-detained on June 24, 2026, "even

---

[1] Along with the petition, Petitioner filed a motion for a temporary restraining order (ECF 3), which the Court denied in light of the expedited briefing schedule (ECF 7).

[2] Because Respondents have provided no information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

though he had committed no crime and no new circumstances had arisen to justify the arrest." (*Id.* at 2, 15, 22.)

Petitioner argues that his re-detention violated due process protections under the Fifth Amendment, the Immigration and Nationality Act (INA), and the INA regulations. (*Id.* at 19–22.) In the prayer for relief, Petitioner seeks immediate release from custody, or, in the alternative, a bond hearing within seven days.[3] (*Id.* at 22–23.) Petitioner also seeks to enjoin Respondents from re-detaining Petitioner "unless his re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community[.]"[4] (*Id.* at 23.)

Respondents filed an answer to the petition stating that "Respondents are not presenting an opposition argument at this time" and further that "[s]hould the Court enter relief, judgment may be entered, and consistent with the "expeditious resolution" of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (ECF 10 at 2.) The Court

---

[3] The Court notes that the petition is inconsistent in that elsewhere it alleges that a bond hearing would not be an adequate remedy. (ECF 1 at 3, 17.)

[4] Petitioner also seek attorney's fees and costs. To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).

thus construes the relief requested in the § 2241 petition as unopposed.[5]

### ORDER

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered (1) granting the petition; (2) ordering Respondents to immediately release Petitioner **Vinit Vinit (A# 249-098-229)** from immigration custody under appropriate conditions of supervision.

DATED: July 13, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

---

[5] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

3